IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSUMER FRESH PRODUCE, INC., <br><br> Plaintiff, <br> v. <br><br> SPC ERIE COUNTY FARMS, INC; SUPER PRICE CHOPPERS MARKET, INC., d/b/a SPC ERIE COUNTY FARMS; SUPER PRICE CHOPPER, INC., d/b/a SPC ERIE COUNTY FARMS; SUPER PRICE CHOPPER MARKET, INC., d/b/a SPC ERIE COUNTY FARMS; ROBERT GUENTHER, individually and in his corporate capacity; MUSHTAQ KAID, individually and in his corporate capacity; and HUSSEIN AWNS, individually and in his corporate capacity, <br><br> Defendants. | Case No. 1:19-CV-109 <br><br> **JURY TRIAL DEMANDED** |

## **COMPLAINT**

AND NOW, comes Plaintiff, Consumer Fresh Produce, Inc. ("Plaintiff"), by and through its counsel, and files this Complaint:

## **PARTIES**

1. Plaintiff, Consumer Fresh Produce, Inc., is a Pennsylvania corporation with its principal place of business located in Pittsburgh, Pennsylvania and is engaged in the business of selling wholesale quantities of perishable agricultural commodities in interstate commerce, and holds valid United States Department of Agriculture PACA License No. 20140583 in good and active standing.

2. Upon information and belief, Defendant, SPC Erie County Farms, Inc., is a Pennsylvania corporation with its principal place of business located in Erie, Pennsylvania and is

or was engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities in interstate commerce.

3. Upon information and belief, Defendant, Super Price Choppers Market, Inc., d/b/a SPC Erie County Farms, is a Pennsylvania corporation with its principal place of business located in Erie, Pennsylvania and is or was engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities in interstate commerce.

4. Upon information and belief, Defendant, Super Price Chopper, Inc., d/b/a SPC Erie County Farms, is a New York domestic business corporation with its principal place of business located in Lackawanna, New York and is or was engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities in interstate commerce.

5. Upon information and belief, Defendant, Super Price Chopper Market, Inc., d/b/a SPC Erie County Farms, is a New York domestic business corporation with its principal place of business located in Buffalo, New York and is or was engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities in interstate commerce.

6. Defendants SPC Erie County Farms, Inc., Super Price Choppers Market, Inc., d/b/a SPC Erie County Farms, Super Price Chopper, Inc., d/b/a SPC Erie County Farms, and Super Price Chopper Market, Inc., d/b/a SPC Erie County Farms, collectively do business as, and are collectively referred to herein as, "SPC Erie County Farms."

7. Upon information and belief, SPC Erie County Farms does or has purchased sufficient quantities of perishable agricultural commodities on both an annual and daily basis to qualify as a dealer pursuant to 7 U.S.C. § 499e; 7 C.F.R. § 46.2(m), (x).

8. Specifically, upon information and belief, SPC Erie County Farms has purchased in excess of $230,000.00 of perishable agricultural commodities in 2017, 2018, and 2019, and

has purchased at least 2,000 pounds of perishable agricultural commodities on at least one day in each of 2017, 2018, and 2019.

9. Upon information and belief, Defendant, Robert Guenther, is an individual and resident of New York who is or was at all times relevant an owner, shareholder, partner, officer, director, member and/or manager of SPC Erie County Farms.

10. Upon information and belief, Defendant, Mushtaq Kaid, is an individual and resident of New York who is or was at all times relevant an owner, shareholder, partner, officer, director, member and/or manager of SPC Erie County Farms.

11. Upon information and belief, Defendant, Hussein Awns, is an individual and resident of New York who is or was at all times relevant an owner, shareholder, partner, officer, director, member and/or manager of SPC Erie County Farms.

## JURISDICTION AND VENUE

12. This court has jurisdiction of the subject matter and parties pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(b)(2) and § 499e(c)(5), and pursuant to 28 U.S.C. § 1331 and § 1367.

13. This court has personal jurisdiction over Defendants because Defendants SPC Erie County Farms, Inc. and Super Price Choppers Market, Inc. are organized under the laws of the Commonwealth of Pennsylvania, and/or Defendants are citizens and/or residents of the Commonwealth of Pennsylvania, and/or Defendants have substantial and continuous business contacts with the Commonwealth of Pennsylvania, and/or Defendants sell or offer for sale goods and/or services within the Commonwealth of Pennsylvania, and/or Defendants have committed and continue to commit acts in violation of federal and Pennsylvania state law, the harm of which is felt in the Commonwealth of Pennsylvania and specifically within this judicial district.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this judicial district, are subject to jurisdiction in this judicial district, regularly conduct business in this judicial district, and because a substantial part of the events or omissions giving rise to the claims herein occurred, and a substantial part of the property that is subject of this action is situated, in this judicial district.

## FACTUAL BACKGROUND

15. Plaintiff sold and delivered to Defendants, in and/or in contemplation of interstate commerce, wholesale amounts of agricultural commodities for which Plaintiff has not been paid.

16. The aggregate value of agricultural commodities sold by Plaintiff to Defendants for which Plaintiff has not been paid totals $83,318.33 as set forth as follows:

| PLAINTIFF | DATES OF TRANSACTIONS | UNPAID AMOUNT[1] |
|---|---|---|
| Consumer Fresh Produce, Inc. | November 3, 2017 – January 26, 2019 | $83,318.33 |

(A true and correct copy of an Account Statement is attached hereto as Exhibit A. True and correct copies of the unpaid invoices of Consumer Fresh Produce, Inc. are collectively attached hereto as Exhibit B.)

17. Plaintiff duly delivered the perishable agricultural commodities to Defendants, and Defendants received and accepted the perishable agricultural commodities from Plaintiff.

18. Despite demand, Defendants have failed and refused to make payment to Plaintiff of the amounts due and owing.

## COUNT I (FAILURE TO MAINTAIN PACA TRUST/PAY PACA TRUST FUNDS)

### Plaintiff v. All Defendants

19. Plaintiff incorporates by reference the preceding Paragraphs as if the same are set forth more fully herein.

---

[1] Plus accruing interest and attorney fees.

20. Pursuant to PACA, upon receipt of perishable agricultural commodities, a statutory trust arose in favor of Plaintiff as to all perishable agricultural commodities received by Defendants in all transactions, all inventories of food or other products derived from perishable agricultural commodities, and all receivables or proceeds from the sale of such commodities or products, until full payment is made by Defendants to Plaintiff for such commodities.

21. Plaintiff is an unpaid creditor, supplier, and seller of perishable agricultural commodities under PACA.

22. Defendants are commission merchants, dealers, and/or brokers of perishable agricultural commodities under PACA.

23. Plaintiff properly preserved its benefits and interest in the PACA trust by way of using the requisite PACA statutory language on each of its invoices to Defendants prescribed by 7 U.S.C. § 499e(c)(4).

24. Plaintiff further properly set forth on its invoices its right to recover interest at the rate of 1.5% per month and attorney fees.

25. Defendants have failed to hold in trust for the benefit of Plaintiff all perishable agricultural commodities received by Defendants in all transactions, all inventories of food or other products derived from perishable agricultural commodities, and all receivables or proceeds from the sale of such commodities or products, until full payment is made by Defendants to Plaintiff for such commodities.

26. Defendants have failed to make PACA trust payments to Plaintiff in amounts totaling $83,318.33 for perishable agricultural commodities sold by Plaintiff to Defendants in violation of PACA and regulations promulgated thereunder.

WHEREFORE, Plaintiff, Consumer Fresh Produce, Inc., demands judgment in its favor and against Defendants, SPC Erie County Farms, Inc., Super Price Choppers Market, Inc., d/b/a SPC Erie County Farms, Super Price Chopper, Inc., d/b/a SPC Erie County Farms, Super Price Chopper Market, Inc., d/b/a SPC Erie County Farms, Robert Guenther, Mushtaq Kaid, and Hussein Awns for damages in the amount of $83,318.33, plus interest and attorney fees, and requests that said damages be immediately paid to Plaintiff from the PACA trust.

## COUNT II (UNLAWFUL DISSIPATION OF TRUST ASSETS)

### Plaintiff v. All Defendants

27. Plaintiff incorporates by reference the preceding Paragraphs as if the same are set forth more fully herein.

28. Upon information and belief, Defendants have unlawfully dissipated and diverted funds from the trust before making full payment to Plaintiff.

29. Defendants Robert Guenther, Mushtaq Kaid, and Hussein Awns were at all times relevant owners, shareholders, partners, officers, directors, members and/or managers of SPC Erie County Farms and were responsible for managing and directing the proper distribution of funds from the trust to Plaintiff.

30. Defendants Robert Guenther, Mushtaq Kaid, and Hussein Awns failed to direct SPC Erie County Farms to fulfill its statutory duties to preserve and properly distribute PACA trust assets in accordance with the law and pay Plaintiff for the agricultural commodities supplied by Plaintiff to Defendants.

31. Defendants Robert Guenther's, Mushtaq Kaid's, and Hussein Awns's failure to so direct SPC Erie County Farms to fulfill its statutory duties constitutes an unlawful dissipation of trust assets by a corporate official.

32. As a result of Defendants' unlawful dissipation of trust assets, Plaintiff has been deprived its rights as beneficiary of the trust and has been denied payment in amounts totaling $83,318.33 for perishable agricultural commodities sold by Plaintiff to Defendants in violation of PACA.

WHEREFORE, Plaintiff, Consumer Fresh Produce, Inc., demands judgment in its favor and against Defendants, SPC Erie County Farms, Inc., Super Price Choppers Market, Inc., d/b/a SPC Erie County Farms, Super Price Chopper, Inc., d/b/a SPC Erie County Farms, Super Price Chopper Market, Inc., d/b/a SPC Erie County Farms, Robert Guenther, Mushtaq Kaid, and Hussein Awns for damages in the amount of $83,318.33, plus interest and attorney fees, and requests that said damages be immediately paid to Plaintiff from the PACA trust.

## COUNT III (FAILURE TO PAY TRUST FUNDS/UNFAIR CONDUCT)
### Plaintiff v. All Defendants

33. Plaintiff incorporates by reference the preceding Paragraphs as if the same are set forth more fully herein.

34. Despite demand, Defendants have failed and refused to make payment to Plaintiff of the amounts due and owing promptly as required by PACA.

35. Defendants have also failed to make PACA trust payments to Plaintiff in amounts totaling $83,318.33 for perishable agricultural commodities sold by Plaintiff to Defendants in violation of PACA and regulations promulgated thereunder.

36. Defendants' failure to make prompt payments and properly pay trust funds to Plaintiff constitutes unfair, unreasonable, discriminatory, and/or deceptive practice without reasonable cause under PACA.

37. As a result of Defendants' unfair conduct, Plaintiff has been deprived its rights as beneficiary of the trust and has been denied payment in amounts totaling $83,318.33 for perishable agricultural commodities sold by Plaintiff to Defendants in violation of PACA, 7 U.S.C. § 499b.

WHEREFORE, Plaintiff, Consumer Fresh Produce, Inc., demands judgment in its favor and against Defendants, SPC Erie County Farms, Inc., Super Price Choppers Market, Inc., d/b/a SPC Erie County Farms, Super Price Chopper, Inc., d/b/a SPC Erie County Farms, Super Price Chopper Market, Inc., d/b/a SPC Erie County Farms, Robert Guenther, Mushtaq Kaid, and Hussein Awns for damages in the amount of $83,318.33, plus interest and attorney fees, and requests that said damages be immediately paid to Plaintiff from the PACA trust.

## COUNT IV (BREACH OF FIDUCIARY DUTIES/NON-DISCHARGEABILITY)

### Plaintiff v. All Defendants

38. Plaintiff incorporates by reference the preceding Paragraphs as if the same are set forth more fully herein.

39. Defendants Robert Guenther, Mushtaq Kaid, and Hussein Awns were at all times relevant owners, shareholders, partners, officers, directors, members and/or managers of SPC Erie County Farms and had a fiduciary duty to Plaintiff to manage and direct the proper distribution of funds from the trust to Plaintiff.

40. Defendants Robert Guenther, Mushtaq Kaid, and Hussein Awns failed to direct SPC Erie County Farms to fulfill its statutory duties to preserve and properly distribute PACA trust assets in accordance with the law and pay Plaintiff for the agricultural commodities supplied by Plaintiff to Defendants.

41. Defendants Robert Guenther's, Mushtaq Kaid's, and Hussein Awns's failure to so direct SPC Erie County Farms to fulfill its statutory duties constitutes a breach of fiduciary duties.

42. SPC Erie County Farms also had a fiduciary duty to Plaintiff to manage and direct the proper distribution of funds from the trust to Plaintiff.

43. SPC Erie County Farms failed to fulfill its statutory duties to preserve and properly distribute PACA trust assets in accordance with the law and pay Plaintiff for the agricultural commodities supplied by Plaintiff to Defendants.

44. SPC Erie County Farms' failure to fulfill its statutory duties constitutes a breach of fiduciary duties.

45. As a result of Defendants' breach of fiduciary duties, Plaintiff has been deprived its rights as beneficiary of the trust and has been denied payment in amounts totaling $83,318.33 for perishable agricultural commodities sold by Plaintiff to Defendants in violation of PACA.

46. As a result of Defendants' breach of fiduciary duties, Defendants' liability herein is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).

WHEREFORE, Plaintiff, Consumer Fresh Produce, Inc., demands judgment in its favor and against Defendants, SPC Erie County Farms, Inc., Super Price Choppers Market, Inc., d/b/a SPC Erie County Farms, Super Price Chopper, Inc., d/b/a SPC Erie County Farms, Super Price Chopper Market, Inc., d/b/a SPC Erie County Farms, Robert Guenther, Mushtaq Kaid, and Hussein Awns for damages in the amount of $83,318.33, plus interest and attorney fees, and requests that said damages be immediately paid to Plaintiff from the PACA trust, and requests that Defendants' liability herein be deemed non-dischargeable.

## COUNT V (INTEREST AND ATTORNEY FEES)

### Plaintiff v. All Defendants

47. Plaintiff incorporates by reference the preceding Paragraphs as if the same are set forth more fully herein.

48. Plaintiff sold, and SPC Erie County Farms purchased on credit, perishable agricultural commodities, pursuant to invoices generated during the regular course of business which set forth Plaintiff's right to recover interest at the rate of 1.5% per month and attorney fees.

49. As the result of Defendants' failure to maintain the trust and direct full payment to Plaintiff, Plaintiff has been required to forgo the use of such money and has further been required to expend attorney fees and costs in order to compel payment of the trust funds to which it is entitled.

50. As the result of the expenditure of such attorney fees and costs due to Defendants' conduct, Plaintiff will not be made whole as contemplated by PACA by the receipt of the $83,318.33 in trust funds, alone, and Plaintiff is therefore entitled to receive the contractually agreed-upon interest and attorney fees expended to date and hereafter incurred in connection with this matter.

WHEREFORE, Plaintiff, Consumer Fresh Produce, Inc., demands judgment in its favor and against Defendants, SPC Erie County Farms, Inc., Super Price Choppers Market, Inc., d/b/a SPC Erie County Farms, Super Price Chopper, Inc., d/b/a SPC Erie County Farms, Super Price Chopper Market, Inc., d/b/a SPC Erie County Farms, Robert Guenther, Mushtaq Kaid, and Hussein Awns for damages in the amount of $83,318.33, plus interest and attorney fees, and requests that said damages be immediately paid to Plaintiff from the PACA trust.

## **COUNT VI (BREACH OF CONTRACT)**

### Plaintiff v. SPC Erie County Farms

51. Plaintiff incorporates by reference the preceding Paragraphs as if the same are set forth more fully herein.

52. Pursuant to contractual invoices generated during the regular course of business, Plaintiff sold, and SPC Erie County Farms purchased on credit, perishable agricultural commodities.

53. The contractual invoices set forth the payment terms between the parties.

54. The contractual invoices set forth Plaintiff's right to recover interest at the rate of 1.5% per month and attorney fees.

55. Plaintiff duly delivered the perishable agricultural commodities to SPC Erie County Farms and otherwise complied with all of its contractual obligations.

56. Despite demand, SPC Erie County Farms has failed and refused to make payments to Plaintiff in an amount totaling $83,318.33 for perishable agricultural commodities sold by Plaintiff in breach of the contractual invoices between the parties.

WHEREFORE, Plaintiff, Consumer Fresh Produce, Inc., demands judgment in its favor and against Defendants, SPC Erie County Farms, Inc., Super Price Choppers Market, Inc., d/b/a SPC Erie County Farms, Super Price Chopper, Inc., d/b/a SPC Erie County Farms, and Super Price Chopper Market, Inc., d/b/a SPC Erie County Farms, for damages in the amount of $83,318.33, plus interest and attorney fees.

## COUNT VII (UNJUST ENRICHMENT)

### Plaintiff v. All Defendants

57.     Plaintiff incorporates by reference the preceding Paragraphs as if the same are set forth more fully herein.

58.     Plaintiff duly delivered the perishable agricultural commodities to Defendants, and Defendants received and accepted the perishable agricultural commodities from Plaintiff.

59.     Despite demand, Defendants have failed and refused to make payments to Plaintiff in an amount totaling $83,318.33 for perishable agricultural commodities sold by Plaintiff in breach of the contractual invoices between the parties.

60.     If Plaintiff is not compensated for the perishable agricultural commodities delivered to Defendants, Defendants will be unjustly enriched to the detriment of Plaintiff in the amount of $83,318.33.

WHEREFORE, Plaintiff, Consumer Fresh Produce, Inc., demands judgment in its favor and against Defendants, SPC Erie County Farms, Inc., Super Price Choppers Market, Inc., d/b/a SPC Erie County Farms, Super Price Chopper, Inc., d/b/a SPC Erie County Farms, Super Price Chopper Market, Inc., d/b/a SPC Erie County Farms, Robert Guenther, Mushtaq Kaid, and Hussein Awns for damages in the amount of $83,318.33, plus interest and attorney fees.

NOW, THEREFORE, Plaintiff, Consumer Fresh Produce, Inc., respectfully prays that this Court enters an Order as follows:

A) Granting non-dischargeable judgment in its favor and against Defendants, SPC Erie County Farms, Inc., Super Price Choppers Market, Inc., d/b/a SPC Erie County Farms, Super Price Chopper, Inc., d/b/a SPC Erie County Farms, Super Price Chopper Market, Inc., d/b/a SPC Erie County Farms, Robert Guenther, Mushtaq Kaid, and Hussein Awns, jointly and severally, in

the principal amount of $83,318.33, plus pre- and post- judgment interest at the parties' contractual rate, costs, and attorney fees;

B) Directing Defendants to establish and preserve a PACA trust fund consisting of sufficient funds to pay Plaintiff and all PACA creditors, and directing Defendants to continually replenish said fund until all PACA creditors including Plaintiff are paid in full;

C) Enjoining all Defendants, their agents, employees, and representatives from directly or indirectly transferring, assigning, or disposing of the aforementioned PACA trust fund or any interest therein, absolutely or as security;

D) Directing Defendants to assign, transfer, deliver, and pay to Plaintiff as much of the aforementioned PACA trust fund as necessary to fully compensate Plaintiff for its damages; and

E) Awarding Plaintiff its reasonable costs and expenses, including attorney fees as provided by contract, and such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Consumer Fresh Produce, Inc., demands a trial by jury on all issues so triable.

Respectfully submitted,

SAUL EWING ARNSTEIN & LEHR LLP

By: */s/ Jeremy B. Darling*
　　　Jeremy B. Darling, Esquire
　　　Pa. ID No. 309652
　　　One PPG Place, Suite 3010
　　　Pittsburgh, PA 15222
　　　Telephone: (412) 209-2500
　　　Facsimile: (412) 209-2570
　　　E-mail: jeremy.darling@saul.com

　　　*Counsel for Plaintiff, Consumer Fresh Produce, Inc.*